UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                        Plaintiff,<br><br>      v.<br><br>JOHNSON & JOHNSON<br><br>                        Defendant. | Civil Action No._____ |

### CONSENT OF DEFENDANT JOHNSON & JOHNSON

1.      Defendant Johnson & Johnson ("Defendant or J&J") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the Final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)      permanently restrains and enjoins Defendant from violations of Sections 13(b)(2)(A), 13(b)(2)(B) and 30A of the Securities Exchange Act of 1934 ("Exchange Act");

      (b)      orders Defendant to pay disgorgement in the amount of $38,227,826, plus pre-judgment interest of $10,438,490; and

1

(c)     orders Defendant within six-months of the entry of the Final Judgment, to

report to the U.S. Securities and Exchange Commission (the

"Commission") as described in paragraph 3 of this Consent.

3.     Defendant agrees periodically, at no less than six-month intervals, during a three-

year term to report to the Commission the status of Defendant's remediation and implementation

of compliance measures.  Should J&J discover credible evidence, not already reported to the

Commission, that questionable or corrupt payments or questionable or corrupt transfers of

property or interests may have been offered, promised, paid, or authorized by any J&J entity or

person, or any entity or person working directly for J&J, or that related false books and records

have been maintained, J&J shall promptly report such conduct to the Commission.  During this

three-year period, J&J shall: (1) conduct an initial review and submit an initial report, and (2)

conduct and prepare four follow-up reviews and reports, as described below:

a.     J&J shall submit to the Commission a written report within 180 calendar

days of the signing of this agreement setting forth a complete description of its remediation

efforts to date, its proposals reasonably designed to improve the policies and procedures of J&J

for ensuring compliance with the FCPA and other applicable anticorruption laws, and the

parameters of the subsequent reviews. The report shall be transmitted to Cheryl J. Scarboro,

Associate Director, Enforcement Division, U.S. Securities and Exchange Commission, 100 F.

Street NE, Washington DC, 20549-5030.  J&J may extend the time period for issuance of the

report with prior written approval of the Commission.

b.     J&J shall undertake four follow-up reviews, incorporating any comments

provided by the Commission on J&J's initial review and report, to further monitor and assess

2

whether the policies and procedures of J&J are reasonably designed to detect and prevent violations of the FCPA and other applicable anti-corruption laws.

       c.      The first follow-up review and report shall be completed by 180 days after the initial review. Subsequent follow-up reviews and reports shall be completed by 180 days after the completion of the preceding follow-up review.

       d.      J&J may extend the time period for submission of the follow-up reports with prior written approval of the Commission.

       4.      Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors or others.

       5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

       6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

       7.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a

4

member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5. In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes,

5

Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.     Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: *April 6, 2011*                    Johnson & Johnson

                                          By: *Russell C. Deyo*
                                          RUSSELL C. DEYO
                                          Vice President and General Counsel
                                          Johnson & Johnson


        On *April 6*, 2011, *Russell C. Deyo*, a person known to
me, personally appeared before me and acknowledged executing the foregoing Consent with full
authority to do so on behalf of Johnson & Johnson as its *VP and General Counsel*.


                                          *Lisa J. Clark*
                                          Notary Public
                                          Commission expires:

Approved as to form:

*[signature]*

Eric A. Dubelier, Esq.
Reed Smith LLP
1301 K Street, NW
Suite 1100 - East Tower
Washington, D.C. 20005

Attorney for Defendant

LISA J. CLARK
NOTARY PUBLIC OF THE
STATE OF NEW JERSEY
My Commission Expires May 18, 2015

7