UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

                              Plaintiff,

                v.

JOHNSON & JOHNSON

                              Defendant.

Civil Action No._____

**FINAL JUDGMENT AS TO DEFENDANT JOHNSON & JOHNSON**

Plaintiff, the U.S. Securities and Exchange Commission having filed a Complaint and Johnson & Johnson ("Defendant or J&J") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 30A of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78dd-1] by use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of

any offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—

(1) any foreign official for purposes of—

(A)(i) influencing any act or decision of such foreign official in his official capacity, (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or (iii) securing any improper advantage; or

(B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person;

(2) any foreign political party or official thereof or any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such party, official, or candidate in its or his official capacity, (ii) inducing such party, official, or candidate to do or omit to do an act in violation of the lawful duty of such party, official, or candidate, or (iii) securing any improper advantage; or

(B) inducing such party, official, or candidate to use its or his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person; or

(3) any person, while knowing that all or a portion of such money or thing of value will be offered, given, or promised, directly or indirectly, to any foreign official,

to any foreign political party or official thereof, or to any candidate for foreign political office for purposes of—

(A)(i) influencing any act or decision of such foreign official, political party, party official, or candidate in his or its official capacity, (ii) inducing such foreign official, political party, party official, or candidate to do or omit to do any act in violation of the lawful duty of such foreign official, political party, party official, or candidate, or (iii) securing any improper advantage;

(B) inducing such foreign official, political party, party official, or candidate to use his or its influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality, in order to assist Defendant in obtaining or retaining business for or with, or directing business to, any person.

II

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(A) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78m(b)(2)(A), by failing to make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer.

III

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's officers, agents, servants, employees, attorneys, and all persons in active concert

or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(2)(B) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(B), by failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (i) transactions are executed in accordance with management's general or specific authorization; (ii) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and to maintain accountability for assets; (iii) access to assets is permitted only in accordance with management's general or specific authorization; and (iv) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

IV

Defendant agrees within six-months of the entry of the Final Judgment, to report to the Commission periodically, at no less than six-month intervals, during a three-year term, the status of Defendant's remediation and implementation of compliance measures. Should J&J discover credible evidence, not already reported to the Commission, that questionable or corrupt payments or questionable or corrupt transfers of property or interests may have been offered, promised, paid, or authorized by any J&J entity or person, or any entity or person working directly for J&J, or that related false books and records have been maintained, J&J shall promptly report such conduct to the Commission. During this three-year period, J&J shall: (1) conduct an initial review and submit an initial report, and (2) conduct and prepare four follow-up reviews and reports, as described below:

    a.    J&J shall submit to the Commission a written report within 180 calendar

days of the signing of this agreement setting forth a complete description of its remediation efforts to date, its proposals reasonably designed to improve the policies and procedures of J&J for ensuring compliance with the FCPA and other applicable anticorruption laws, and the parameters of the subsequent reviews. The report shall be transmitted to Cheryl J. Scarboro, Associate Director, Enforcement Division, U.S. Securities and Exchange Commission, 100 F. Street NE, Washington DC, 20549-5030.  J&J may extend the time period for issuance of the report with prior written approval of the Commission.

    b.  J&J shall undertake four follow-up reviews, incorporating any comments provided by the Commission on J&J's initial review and report, to further monitor and assess whether the policies and procedures of J&J are reasonably designed to detect and prevent violations of the FCPA and other applicable anti-corruption laws.

    c.  The first follow-up review and report shall be completed by 180 days after the initial review.  Subsequent follow-up reviews and reports shall be completed by 180 days after the completion of the preceding follow-up review.

    d.  J&J may extend the time period for submission of the follow-up reports with prior written approval of the Commission.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $38,227,826, representing profits gained as a result of the conduct alleged in the Complaint, together with pre-judgment interest thereon in the amount of $10,438,490 for a total of $48,666,316.  Defendant shall satisfy this obligation by paying $48,666,316 within fourteen (14) days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a cover letter identifying Johnson & Johnson as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of the payment of disgorgement and payment of civil penalty and letter to the Commission's counsel in this action. By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  _____, \_\_\_\_\_

_____
UNITED STATES DISTRICT JUDGE